UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| Nathaniel Ogle, on behalf of himself and a class similarly situated, <br><br> Plaintiff, <br><br> v. <br><br> Ohio Civil Service Employees Association, AFSCME, Local 11. <br><br> Defendant. | Case No. 2: 18-cv-1227 <br><br> CLASS ACTION COMPLAINT |

## COMPLAINT

Nathaniel Ogle brings this class action on behalf of himself and all others similarly situated to obtain redress from Ohio Civil Service Employees Association, AFSCME, Local 11's ("Union" or "OCSEA") for its unconstitutional seizure of agency fees from public employees without their consent.

## JURISDICTION AND VENUE

1. The Court has subject-matter jurisdiction over the First Amendment and 42 U.S.C. § 1983 claims alleged in Count I pursuant to 28 U.S.C. §§ 1331 and 1343.

2. Venue is proper under 28 U.S.C. § 1391, and assignment to the Eastern Division of this Court appropriate, because the Defendant is headquartered and conducts business in, and Plaintiff resides and works in, the Eastern Division of this Court.

## PARTIES

3. Plaintiff Nathaniel Ogle resides and works in Franklin County, Ohio.

1

4. Defendant OCSEA is a labor union whose offices are located at 390 Worthington Rd. Westerville, Ohio 43082.

## STATEMENT OF THE CLAIM

5. Plaintiff Nathaniel Ogle has been employed by the Ohio Department of Taxation since 2011.

6. Since the beginning of his employment, Ogle has been subject to the exclusive representation of OCSEA and the terms of the collective bargaining agreements OCSEA enters into with the State of Ohio.

7. Ogle is not, and never has been, a member of the OCSEA.

8. Ohio's Public Employees' Collective Bargaining Act ("Act"), Ohio Revised Code § 4117, authorizes exclusive representatives and public employers to enter into agency fee provisions that require, as a condition of employment, "that the employees in the unit who are not members of the employee organization pay to the employee organization a fair share fee." Ohio Rev. Code § 4117.09(C). The Act further provides that "[t]he deduction of a fair share fee by the public employer from the payroll check of the employee and its payment to the employee organization is automatic and does not require the written authorization of the employee." *Id.*

9. OCSEA's collective bargaining agreements with the State of Ohio for the term of July 1, 2015 to February 28, 2018, which governs Ogle's employment, contains a compulsory fee clause that dictates that:

> Any bargaining unit employee who has served an initial sixty (60) days and who has not submitted a voluntary membership dues deduction authorization form to the Employer shall, tender to the Union a representation service fee beginning in the pay period that includes the 61st day. The amount shall not

exceed the dues paid by similarly situated members of the employee organization who are in the bargaining unit. The Union shall continue to provide an internal rebate procedure which provides for a rebate of expenditures in support of partisan politics or ideological causes not germane to the work of employee organizations in the realm of collective bargaining.

When an employee enters the bargaining unit for any reason, the Employer shall notify the employee of this Article and provide the employee the appropriate deduction forms. Fair share fee deductions shall begin after sixty (60) days of service. The Employer shall tender to the Union a representation service fee beginning in the pay period that includes the 61st day.

10. Ogle was compelled to pay fair share fees to OCSEA pursuant this clause, which were automatically deducted from his paycheck.

11. OCSEA's collective bargaining agreements with other public employers in Ohio also contain forced fee clauses that compelled nonmembers of the union to pay fees to the union as a condition of their employment.

12. On June 27, 2018, the Supreme Court held forced fee requirements to be unconstitutional under the First Amendment and that unions could not constitutionally collect union dues or fees from public employees without their affirmative consent. *Janus v. AFSCME, Council* 31, 138 S. Ct. 2448, 2486 (2018).

13. OCSEA's seizure of fair share fees from Ogle, and from other employees who did not affirmatively consent to paying such fees prior to their exaction, violated their First Amendment rights.

14. After the Supreme Court's decisions in *Knox v. SEIU Local 1000*, 567 U.S. 298 (2012) and *Harris v. Quinn*, 134 S. Ct. 2618 (2014), OCSEA should have known that its seizure of fair share fees from unconsenting employees violated their First Amendment rights.

3

## PLAINTIFF CLASS ALLEGATIONS

15. The plaintiff seeks, pursuant to Federal Rule of Civil Procedure 23(b)(1), (b)(2), and (b)(3), the certification of a class that includes all public employees from whom OCSEA collected fair share fees or collects fair share fees.

16. The number of persons in the class makes joinder of the individual class members impractical.

17. There are questions of fact and law common to all class members. Factually, all class members are public employees who are or were compelled to pay fair share fees to OCSEA and its affiliates as a condition of employment. Legally, OCSEA's fee seizures violated all class members' rights under the First Amendment.

18. The representative plaintiff's claims are typical of other members of the class because all claims concern OSCEA's unlawful collection of fair share fees.

19. The representative plaintiff adequately represents the interests of the class, and has no interests antagonistic to the class.

20. A class action can be maintained under Rule 23(b)(1)(A) because separate actions by class members could risk inconsistent adjudications on the underlying legal issues.

21. A class action can be maintained under Rule 23(b)(2) because OCSEA acted on grounds that apply generally to class members, namely by seizing fair share fees from them without their consent, so that final injunctive or declaratory relief is appropriate for the class as a whole.

22. A class action can be maintained under Rule 23(b)(3) because the common questions of law and fact identified in the complaint predominate over any questions affecting only individual class members. A class action is superior to other available methods for the fair and efficient adjudication of the controversy because, among other things, all class members are subjected to the same violation of their constitutional rights, but the amount of money involved in each individual's claim would make it burdensome for class members to maintain separate actions. The amount of the deductions or damages is known to OCSEA.

## CAUSES OF ACTION

### COUNT I
### (Violation of First Amendment and 42 U.S.C. § 1983)

23. OCSEA acted under color of state law by entering into and enforcing forced fee clauses with the State of Ohio and other public employers and by causing to be deducted and collecting fair share fees from Ogle and class members.

24. OCSEA, by requiring the payment of fair share fees as a condition of employment and by collecting such fees, violated Ogle's and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

25. Ogle and fellow class members have suffered the irreparable harm and injury inherent in a violation of First Amendment rights, for which there is no adequate remedy at law.

## DEMAND FOR RELIEF

26. The representative plaintiff respectfully requests that the Court:

   a. certify the plaintiff class;

   b. declare that OCSEA, by requiring the payment of fair share fees as a condition of employment and by collecting fair share fees, violated Ogle's and class members' First Amendment rights to free speech and association, as secured against state infringement by the Fourteenth Amendment to the United States Constitution and 42 U.S.C. § 1983.

   c. declare Ohio Revised Code § 4117.09(C), and all clauses of OCSEA collective bargaining agreements that require employees to pay fair share fees as a condition of employment, to be unconstitutional under the First Amendment, as secured against State infringement by the Fourteenth Amendment and 42 U.S.C. § 1983, and to be unenforceable;

   d. permanently enjoin OCSEA, along with its officers, agents, servants, employees, attorneys, and any other person or entity in active concert or participation with them, from requiring that public employees pay union dues or fees as a condition of employment and from collecting union dues or fees from a public employee without first obtaining that employee's affirmative consent;

   e. order OCSEA to refund with interest all fair share fees that were unconstitutionally extracted from Ogle and his fellow class members;

   f. award Ogle and class members nominal and compensatory damages;

    g.    award costs and attorneys' fees under 42 U.S.C. § 1988;

    h.    grant all other relief that the Court may deem just and proper.

Date: October 15, 2018,

>By /s/ Donald C. Brey
>Donald C. Brey (0021965)
>Taft Stettinius & Hollister LLP
>65 E. State Street, Suite 1000
>Columbus, Ohio 43215
>Tel (614) 334-6105
>dbrey@taftlaw.com
>
>and
>
>Aaron B. Solem
>William L. Messenger
>   (Pro Hac Vice Motions to be filed)
>National Right to Work Legal Defense
> Foundation
>8001 Braddock Road, Suite 600
>Springfield, VA 22160
>Tel (703) 321-8510
>wlm@nrtw.org
>abs@nrtw.org
>
>*Attorneys for Plaintiffs*